**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-v-**　　　　　　　　　　　　　　　　　　　　　　　　　　**04-CR-240 (TJM)**

**ABRAM LLANOS,**
                   **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Defendant Abram Llanos was convicted upon his guilty plea of conspiring to possess with the intent to distribute and to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. 846 and 841(b)(1)(B)(Count 1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. 922(g)(1)(Count 6). At sentencing, the Court determined Defendant's total offense level to be a 25 and his criminal history to be a category IV, resulting in a United State Sentencing Guidelines ("Guidelines") range of 84 to 105 months.[1] However, Llanos's Count 1 offense carried a 120-month mandatory minimum sentence. After granting the Government's motion for a departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Court sentenced Llanos to 92 months of

---

[1] Four purposes of arriving at a sentence, Counts 1 and 6 were grouped together under U.S.S.G. §3D1.2(c), as Count 6 embodied conduct that was treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to Count 1. Pursuant to U.S.S.G. §3D1.3(a), in the case of counts grouped together pursuant to U.S.S.G. § 3D1.2(a)-(c), the offense level applicable to the group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the group, *i.e.*, the highest offense level of the counts in the group. In this case, Count 1 resulted in the highest offense level.

1

incarceration on both counts, with the terms of imprisonment to run concurrently.

Defendant now seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. See U.S.S.G. § 2D1.1(c); Def. Motion (dkt. # 59). The Government has opposed the motion. Govt. Opp. (dkt. # 60). For the reasons set forth below, the motion is denied.

## II.  DISCUSSION

The applicable statute providing authority for the Court to re-sentence a defendant in these circumstances is 18 U.S.C. § 3582(c)(2). This provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable policy statement issued by the Sentencing Commission is U.S.S.G. §1B1.10 ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)"). This provides in pertinent part:

> (a) Authority. -
>
> * * *
>
> (2) Exclusions. -  A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>   * * *

> (B) [the crack cocaine sentence reduction
> amendment] does not have the effect of lowering
> the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2).

Where a particular case involves a statutory mandatory minimum sentence that exceeds the applicable Guidelines range, the Court must set the Guidelines sentence at the statutorily required minimum. U.S.S.G. § 5G1.1(b); see United States v. Williams, 551 F.3d 182, 185 (2d Cir.2009); United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008). Thus, when a defendant has a Guidelines range below the mandatory minimum before applying U.S.S.G. § 5G1.1(b), the Guidelines sentence becomes the statutory mandatory minimum. See U.S.S.G. § 5G1.1(b)("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); see also Williams, 551 F.3d at 185; Johnson, 517 F.3d at 1024.

"Once the mandatory minimum applied, [Defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" Williams, 551 F.3d at 185 (quoting 18 U.S.C. § 3582(c)(2)); see Johnson, 517 F.3d at 1024 (If the crack sentencing amendment would not change the Guidelines sentence, then "[the crack cocaine sentencing reduction amendment] does not have the effect of lowering the defendant's applicable guideline range."). Of course, the ultimate sentence in this case was not the statutory mandatory minimum but instead a lower sentence based on the Government's motion under 18 U.S.C. § 3553(e). In this regard, the ultimate sentence was based upon considerations of Defendant's cooperation with the

3

Government. Williams, 551 F.3d at 186.[2] Inasmuch as the Court determined that the full extent of the departure based on Defendant's substantial assistance warranted a sentence of 92 months, there was no basis to consider the crack cocaine Guidelines in passing sentence. See id. at 186-87.[3] Therefore, the crack cocaine sentence reduction amendment does not apply. Id.

Finally, assuming *arguendo* that the Amendment applies to Llanos's situation, the Court declines to allow a two level downward departure in light of the departure already granted below the statutory minimum and upon consideration of the factors set forth at § 3553(a). See United States v. Borden, --- F.3d ----, 2009 WL 1066910, at *3 (2d Cir. April

---

[2] As the Second Circuit explained in Williams:

"When, as here, the Guidelines sentence ends up as the statutory minimum, both the decision to depart and the maximum permissible extent of this departure below the statutory minimum may be based only on substantial assistance to the government and on no other mitigating considerations." United States v. Richardson, 521 F.3d 149, 159 (2d Cir.2008). We further explained [in Richardson] that "[i]n arriving at a final sentence, of course, the district court may consider other factors in determining whether to grant the full extent of the departure permitted by § 3553(e)." Id. Richardson makes clear that the only factor the sentencing court may consider in deciding the maximum extent of the downward departure pursuant to a § 3553(e) motion is the nature and extent of the defendant's substantial assistance.

Williams, 551 F.3d at 186.

[3] In Willams, the Circuit also stated:

Then, only after the court has determined the full extent of the [§ 3553(e)] downward departure it would award based on that substantial assistance does the court consider other factors, including those in § 3553(a), to decide whether to depart to that full extent. That is, the court could refrain from granting the full extent of the substantial assistance departure because of the nature and circumstances of the crime, the characteristics of the defendant or any other applicable relevant factors that have been presented to the sentencing court.

Williams, 551 F.3d at 186-87. Defendant seemingly argues that this statement in Williams stands for the proposition that a § 3553(e) downward departure sentence *could* be based on a sentencing range that has subsequently been lowered by the Sentencing Commission *if* the Court declined to grant the full extent of the departure because the Court considered the amount of the crack cocaine involved and the then-applicable crack cocaine Guidelines. See Def. Mem. L. pp. 1-2. Inasmuch as the Court based the sentence in the instant case on the full extent of Defendant's substantial assistance, the Court need not reach the question raised by Defendant's interpretation of Williams.

4

22, 2009)("Because the statute states that a district court may reduce the term of imprisonment, it clearly allows for a district court to exercise its discretion when considering a motion to reduce a sentence brought pursuant to § 3582(c)(2).").

### III.    CONCLUSION

For the reasons set forth above, Defendant's motion to reduce his sentence [dkt. # 59] is **DENIED**.

**IT IS SO ORDERED**

DATED: April 29, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge